— Proceeding initiated in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to review a determination of the Commissioner of Education. Petitioner, a physician with nearly 40 years experience, was charged with permitting, aiding or abetting an unlicensed person to perform activities requiring a license (Education Law, § 6509, subd [7]) in that between August 4, and October 3, 1972 he permitted, aided and abetted one Reuben Amber to practice medicine when he knew or should have known Amber was not licensed to practice medicine in this State. Petitioner was further charged with unprofessional conduct (Education Law, § 6509, subd [9]) by engaging in fee splitting with Amber. A panel of the New York State Board for Medicine, before whom petitioner appeared with counsel, found him guilty of both charges and recommended that his license and registration be suspended for six months on each charge, to be followed by four and one-half years probation. The Regents Review Committee modified by ordering the separate suspensions to run concurrently and struck the period of probation. The Board of Regents approved and the respondent commissioner issued an order effectuating the regents’ decision. There is indisputable proof in the record that Reuben Amber was not licensed to practice medicine in this State. A certificate of nonlicensure was received in evidence without objection. Yet, on October 3, 1972, a Mr. Granberg, an investigator for the Department of Education, visited petitioner’s offices complaining of tightness in his shoulders and neck. After a brief physicial examination petitioner had Mr. Granberg make a check in the amount of $35 payable to Dr. Amber, an individual known by petitioner not to be a licensed doctor, and instructed Granberg to report to Amber’s office for treatment. Next, despite his knowledge that Amber was not a doctor, petitioner entered into an agreement with him whereby petitioner obtained office space for Amber, opened a joint checking account with him, referred patients to him and divided the net proceeds of an acupuncture practice carried on by Amber. Therefore, we conclude that the record substantially proves the respondent’s findings that petitioner aided and abetted an unlicensed individual to practice medicine and, further, split fees with that individual. While we find that the punishment imposed is not "so dispropor *726 tionate * * * as to be shocking to one’s sense of fairness” (Matter of Butterly & Green v Lomenzo, 36 NY2d 250; Matter of Pell v Board of Educ., 34 NY2d 222), thereby requiring affirmance, the issue of punishment so far as the period of suspension is concerned is now moot. The order appealed from was served upon petitioner on August 14, 1975 and the imposed suspension expired on February 13, 1976. Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Kane, Mahoney, Larkin and Herlihy, JJ., concur.